UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

United States of America,

    Plaintiff,

v.

Ahmed Ahmed Dharahan

    Defendant(s).

Case No. 18-0219-PJH-3

STIPULATED ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

FILED
MAR 19 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

For the reasons stated by the parties on the record on March 19, 2019, the court excludes time under the Speedy Trial Act from March 19, 2019 to April 17, 2019, and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

\_\_\_\_ Failure to grant a continuance would be likely to result in a miscarriage of justice.
See 18 U.S.C. § 3161(h)(7)(B)(i).

\_\_\_\_ The case is so unusual or so complex, due to [check applicable reasons] \_\_\_\_ the number of defendants, \_\_\_\_ the nature of the prosecution, or \_\_\_\_ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. See 18 U.S.C. § 3161(h)(7)(B)(ii).

\_\_\_\_ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

✓ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

✓ Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

\_\_\_\_ With the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first paragraph and — based on the parties' showing of good cause — finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED: March 19, 2019

_/s/ Kandis Westmore_
Kandis A. Westmore
United States Magistrate Judge

STIPULATED: _/s/_
Attorney for Defendant
Ed Swanson

_/s/ Katie B._
Assistant United States Attorney
Katie Burroughs Medearis

v. 11/01/2018