UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI MUGALLI HASSAN,<br><br>Defendant. | Case No.  18-cr-00219-PJH-1<br><br>**ORDER GRANTING MOTION IN LIMINE TO ADMIT POST-ARREST STATEMENTS OF MUGALLI HASSAN**<br><br>Re: Dkt. No. 166 |

Before the court is the motion in limine of defendant Ali Hassan (hereinafter, "defendant") to admit the post-arrest statements of co-defendant Mugalli Hassan.  See Dkt. 166.  The government has filed an opposition to the motion, and defendant has filed a reply.  See Dkt. 170, 172.  Counsel for Mugalli Hassan did not file a response to the motion.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Defendant's motion seeks to admit portions of Mugalli Hassan's post-arrest interview.  In the portions sought to be admitted, Mugalli Hassan admitted to buying food stamps and stealing from the store account because he had a gambling problem, denied telling Ali Hassan what he was doing, and said that he decided to do it on his own.  See Dkt. 166 at 2-4.  Defendant argues that the statements are inculpatory as to Mugalli Hassan, and exculpatory as to Ali Hassan because they tend to negate the existence of a conspiracy involving him.  Id. at 4.

Defendant seeks to admit the post-arrest statements of Mugalli Hassan under the hearsay exception for statements against interest.  See Fed. R. Evid. 804(b)(3).  The test for admissibility as a statement against interest has three parts: (1) the declarant is unavailable, (2) a reasonable person would not have made the statement if it were untrue

1  because it would subject them to criminal liability, and (3) the statement is supported by

2  corroborating circumstances.  See Fed R. Evid. 804(b)(3).

3       The government does not challenge part (1), that Mugalli Hassan is considered

4  unavailable due to his Fifth Amendment privilege.  See Fed. R. Evid. 804(a)(1).

5       As to part (2), the government argues that Mugalli Hassan's statements were not

6  truly against his penal interest.  First, the government argues that "statements that curry

7  favor or deflect (or share) blame do not fall within" the hearsay exception.  United States

8  v. Gadson, 763 F.3d 1189, 1200 (9th Cir. 2014).  However, Mugalli Hassan's statements

9  did not "curry favor" or "deflect" or even "share" blame.  In this case, Mugalli Hassan's

10 statements placed blame on himself (i.e., did not "deflect") and only himself (i.e., did not

11 "share").

12      Second, the government argues that Mugalli Hassan's true "interest" was to

13 protect his son, and thus the statements were not actually against his interest.  See Dkt.

14 170 at 7.  The government's interpretation of the term "interest" does not appear to be

15 supported by authority or case law.

16      Thus, the court concludes that defendant has sufficiently shown that the

17 statements were against the penal interest of Mugalli Hassan, as required by part (2) of

18 FRE 804(b)(3).

19      Finally, as to part (3) of the test for statements against interest, the government

20 argues that "the statements at issue here are not corroborated by other circumstances

21 that indicate their trustworthiness."  See Dkt. 170 at 7.  Relatedly, the government argues

22 that Mugalli Hassan's statements are "entirely unreliable" because he "lied repeatedly"

23 and because his statements about his son, Ali Hassan, are "especially untrustworthy due

24 to their close relationship."  Id. at 6-7.

25      Regarding the familial relationship, the government primarily relies upon the Ninth

26 Circuit's opinion in Gadson, 763 F.3d 1189.  However, in upholding the district court, the

27 Gadson court simply considered the familial relationship along with other factors that are

28 not present in this case.  Specifically, in Gadson, the court noted that the relevant

2

statements were "not truly self-inculpatory" because they did not expose the declarant himself to criminal liability.  Id. at 1200.  In this case, as mentioned above, the relevant statements were indeed inculpatory as to Mugalli Hassan and against his penal interest.

The government then cites United States v. Ospina, 739 F.2d 448 (9th Cir. 1984), in which three people were arrested in connection with suspected cocaine trafficking. One person made exculpatory statements as to the other two, but the trial court excluded the statements due to lack of trustworthiness.  Id. at 451-52.  The court noted that all three defendants had been left together in a detention room, and then after that, one defendant asked specifically to speak with an officer and then made the statements.  Id. at 452.  As applied to this case, no similar circumstances exist suggesting an agreement among the co-defendants for one to take blame.

Defendant relies upon United States v. Paquio, 114 F.3d 928 (9th Cir. 1997), a case which involved a father and son accused of filing fraudulent loan applications.  The son's lawyer sought admit statements made by the father that the son "had nothing to do with it."  Id. at 931.  The Ninth Circuit held that the statements should be admitted because "it was up to the jury to decide whether the father's statement against penal interest was motivated by truthfulness or a noble motive to lie."  Id. at 933.

The court finds Paquio to be persuasive in this case.  As in Paquio, it is up to the jury to decide the motivation behind the declarant's statements.  The court further notes that the government will be able to introduce any portions of Mugalli Hassan's interview in order to support its argument that the statements are not reliable.  Accordingly, defendant Ali Hassan's motion in limine to admit post-arrest statements of Mugalli Hassan is GRANTED.

**IT IS SO ORDERED.**

Dated:  June 6, 2022

_____/s/ Phyllis J. Hamilton_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California